IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASHIT ZINZUWADIA,

     Plaintiff,                              No. 2:12-cv-02281-KJM-KJN PS

     vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
et al.,

     Defendants.                        <u>ORDER</u>

/

         On September 6, 2012, plaintiff Ashit Zinzuwadia ("plaintiff") filed a Complaint (Compl., Dkt. No. 1) and an Application to Proceed In Forma Pauperis (the "IFP Application") (Dkt. No. 2). Plaintiff is proceeding without counsel.[1]

         Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis. (Dkt. No. 2.) For the reasons stated below, the undersigned grants the application to proceed in forma pauperis, but dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.  Screening of Plaintiff's Complaint

A.  General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

////

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31.

Finally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

3

1  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,
2  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,
3  342 (9th Cir. 1996).  Federal district courts are courts of limited jurisdiction that "may not grant
4  relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is
5  presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z
6  Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).
7  The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction.  See Fed. R. Civ.
8  P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court
9  must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d
10  982, 989 (9th Cir. 2003).

        B.      Plaintiff's Complaint

                Plaintiff alleges that various defendant lenders, mortgage servicers, and their
agents committed wrongful acts in connection with plaintiff's mortgage loan, including failing to
provide plaintiff with loan documents and disclosures, changing the loan terms without notice to
plaintiff, transferring or assigning interests in plaintiff's loan without notice to plaintiff, and
improperly recording a Notice of Default and initiating foreclosure proceedings, among other
things.  (See generally, Compl. ¶¶ 1-92.)

        1.      Subject Matter Jurisdiction

                Plaintiff alleges that this court's subject matter jurisdiction is premised upon both
diversity jurisdiction and federal question jurisdiction.  (Compl. ¶ 8.)  However, as described
below, it does not appear that diversity jurisdiction exists in this case, and plaintiff has not yet
properly stated a claim under a federal statute.

                Federal district courts are courts of limited jurisdiction that "may not grant relief
absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed
to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l, 323
F.3d at 1145 (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the

court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction.

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

    a.    Diversity Jurisdiction

Plaintiff alleges that this court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 8 ("There is a diversity of citizenship between Plaintiff and Defendants DBNTC, NDEX West LLC and MERS and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.").) Generally, however, in an action where subject matter jurisdiction is premised on the diversity statute, there must be *complete* diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of

the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a resident of California, has citizenship which is diverse from that of every defendant.")

Here, plaintiff satisfactorily alleges that the amount in controversy exceeds $75,000. (Compl. ¶ 8, Prayer for Relief.) However, plaintiff has not sufficiently alleged that the parties' citizenship is completely diverse, and it readily appears that he cannot allege complete diversity of citizenship. Plaintiff alleges that he and several defendants are residents of California. (Compl. ¶¶ 1 (alleging plaintiff is a California resident); 3 (alleging defendant American Mortgage Network, Inc. is a California resident); 4 (alleging defendant OneWest Bank, FSB is a California resident); 7 (alleging defendant Nationwide Posting and Publication, Inc., is a California resident).) Although plaintiff is correct that *some* of the named defendants are not California residents (Compl. ¶ 8), the fact that other named defendants are alleged to be California residents destroys the requisite "complete diversity." See Cook, 548 F.3d at 722. In other words, because some defendants are citizens of California, and because plaintiff readily appears to be a citizen of California, the parties are not completely diverse. Accordingly, this court lacks diversity jurisdiction.

    b.    Federal Question Jurisdiction

Plaintiff purports to allege violations of two federal statutes, namely, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. As described below, however, both claims are defective.

    i.    RESPA

Plaintiff alleges that certain defendants failed to respond to plaintiff's Qualified Written Request ("QWR") in violation of a provision of RESPA, namely, 12 U.S.C. § 2605. (See Compl. ¶¶ 49-53.) Plaintiff's allegations are general and do not specify which provision of Section 2605 was allegedly violated. However, 12 U.S.C. § 1205(e)(1) provides:

1           (e) Duty of loan servicer to respond to borrower inquiries

2           (1) Notice of receipt of inquiry

3           (A) In general

4-7           If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

8           (B) Qualified written request

9-10           For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–

11-12           (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

13-14           (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

15        Plaintiff alleges that he sent certain defendants a QWR on November 4, 2009,

16 (Compl. ¶ 51), and plaintiff attaches several documents to his pleading and labels them as

17 QWRs. (Exh. 5 to Compl.) However, while plaintiff alleges he suffered various uncertainties

18 about his loan after his QWR allegedly went unanswered (Compl. ¶ 53), he does not allege any

19 actual pecuniary loss resulting from the alleged non-response to his QWR. See Garcia v.

20 Wachovia Mortgage Corp., 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009) (dismissing RESPA claim

21 without prejudice for failure to allege actual damages, because alleging only a failure to respond

22 to a QWR is itself insufficient to "state a claim for damages" under 12 U.S.C. § 2605(f)(1)(B)).

23 Accordingly, plaintiff has failed to adequately allege a RESPA claim, and the claim is dismissed.

24 However, such dismissal is without prejudice, and plaintiff shall have leave to amend his claim

25 to correct for the defects described herein.

26 ////

In filing an amended pleading in compliance with this order, plaintiff is informed that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986). Accordingly, plaintiff's failure to file an amended pleading by the deadline stated below

will result in a recommendation that this action be dismissed.

      ii.      TILA

Plaintiff also alleges that defendants violated the TILA. (Compl. ¶ 49.) Plaintiff alleges that defendants "made material misrepresentations and omissions with respect to the terms of Plaintiff's loan" and that defendants failed to provide him with copies of his loan documents and "disclosures required by" the TILA. (Id.)

Plaintiff seeks both rescission of his loan and civil damages in connection with his TILA claim. (Compl. at 44-45.) Because plaintiff seeks civil damages, a one-year limitation period applies to plaintiff's TILA claim and began to run on the date of the consummated loan transaction. See 15 U.S.C. § 1640(e); King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986) (holding that the limitations period stated in 15 U.S.C. § 1640(e) "runs from the date of consummation of the transaction"). It is apparent from the dates in the pleading that the loan transaction at issue was consummated earlier than September 6, 2011, which is one year prior to the date plaintiff originally filed his lawsuit. (See Compl. ¶ 1, 49 (alleging a loan dated December 15, 2006).) Further, plaintiff has not alleged facts suggesting that equitable tolling or estoppel should apply in this case. The Ninth Circuit Court of Appeals has held that it applies equitable tolling "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045-46 (9th Cir. 2011). Plaintiff has not shown that he was unable to timely learn of "vital information" bearing on his TILA claim "despite all due diligence." Accordingly, amendment to plaintiff's TILA claim, which is time-barred given the dates alleged in the pleading, relies on equitable tolling, would be futile.

Moreover, because plaintiff seeks a rescission remedy, an absolute, three-year statue of repose applies. See McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012). This statute of repose is not subject to equitable tolling. Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("section 1635(f) completely extinguishes the right of

rescission at the end of the 3-year period"). Here, the loan documents were signed in December of 2006 and plaintiff did not file his complaint until September 2012, over five and a half years after the loan was signed. Accordingly, given the dates alleged in the pleading, plaintiff's TILA claim is barred by the three-year statute of repose and amendment of the claim would be futile.

Accordingly, plaintiff's TILA claim is subject to dismissal. Because amendment of the TILA claim is futile for the reasons stated above, plaintiff shall not include the claim within his amended pleading. If plaintiff includes such a claim, the undersigned will recommend that the claim be dismissed with prejudice.

2. <u>Short and Plain Statement</u>

Aside from the foregoing shortcomings, the complaint also fails to comply with the terms of Federal Rule of Civil Procedure 8(a). Plaintiff's prolix pleading, which consists of more than 80 pages of many repetitive, confusing allegations against all defendants, fails to give each defendant proper notice of the claims against it and forces the court to wade through conclusory and redundant allegations in efforts to piece together the facts upon which plaintiff's claims are based.

A panel of the Ninth Circuit Court of Appeals summarized the ills of confusing or vague complaints as follows:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . .
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming district court's dismissal of the complaint for violation of Rule 8 and failure to comply with court orders); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (addressing dismissals for overly lengthy complaints and stating that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations"). Plaintiff's verbose complaint falls within the class of complaints described by the Ninth Circuit Court of Appeals in McHenry.

Aside from a few defendant-specific allegations, the remainder of the complaint consists of allegations against "defendants," making it impossible to discern which allegations are targeted against which defendants. As noted above, plaintiff's claims appear to arise from the origination of plaintiff's home loan and the terms of that loan, *as well as* from separate but related nonjudicial foreclosure proceedings. Rather than alleging loan-related claims against certain defendants and foreclosure-related claims against other defendants, plaintiff appears to allege most claims against *all* defendants. Plaintiff's current complaint is impermissibly "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [defendants] charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."[2] See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); e.g. Sollberger v. Wachovia Securities, LLC, No. SACV

---

[2] The complaint in Magluta is analogous to the complaint in this action. "The complaint is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations — which comprises 146 numbered paragraphs-while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta, 256 F.3d at 1284.

09-0766 AG (Anx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (unpublished).[3] The defendant(s) involved in plaintiff's loan origination are not necessarily the same as those involved in the servicing of plaintiff's loan and/or the nonjudicial foreclosure, yet more often than not, the allegations in plaintiff's pleading fail to distinguish between defendants.

Accordingly, plaintiff's complaint is dismissed for failure to give each defendant proper notice of the claims against it.  Such dismissal is without prejudice, and plaintiff shall have the opportunity to amend his pleading to remove the frequent broad references to "defendants" or "all defendants."  Plaintiff shall amend every factual allegation and claim for relief such that each is made as against one or more defendants specifically identified by name. Plaintiff shall also omit allegations taking the form of legal conclusions, legal arguments (e.g., Compl. ¶¶ 21-22 (citing cases)), as well as those that describe in passing the general conduct of certain defendants (i.e., MERS) that is not alleged to have occurred in direct connection with the loan/foreclosure at issue in this case. (E.g., Compl. ¶ 28 ("April Charnel, []a lawyer at Jacksonville Are[a] Legal Aid in Florida, in 2007 has over 300 foreclosure cases dismissed or postponed . . . .").)

3. State Law Claims

Plaintiff alleges various state law claims.  However, if plaintiff is unable to state a valid cause of action arising under federal law, see 28 U.S.C. § 1331, the court would lack subject matter jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(a)-(c). Therefore, at present the undersigned declines to address such claims.

////

---

[3] "One common theme of Rule 8(a), Rule 9(b), Iqbal, [and] Twombley . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong[;]" and "[o]ne common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then 'each count incorporates every antecedent allegation by reference.'" Sollberger, 2010 WL 2674456, at *4.

        4.       Request For Preliminary Injunction

The complaint's Prayer for Relief asks that the court "issue a Temporary Restraining Order and Preliminary Injunction restraining Defendants . . . from continuing with their efforts to conduct a Trustee's Sale of the Property." (Compl. at 44.) To the extent plaintiff intended his pleading to suffice as a request for emergency or preliminary injunctive relief, the request is procedurally improper, as plaintiff has not filed any of the additional documents required to support such a request. E.g., E. Dist. Local Rule 231(c)-(d). Accordingly, the request is denied without prejudice to refiling.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. The complaint is dismissed. However, this dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint that corrects the deficiencies described herein and properly alleges a federal claim that provides a basis for this court's subject matter jurisdiction. If plaintiff does not believe that he can state a good faith basis for this court's subject matter jurisdiction, he should dismiss this case without prejudice and consider filing the case in state court.

3. If he can do so in good faith, plaintiff shall file an amended complaint within 45 days of the date of this order. Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an

1 | amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.
2 | 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is
3 | deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City
4 | Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

5 |     4.    ***Failure to timely file an amended complaint in accordance with this***
6 | ***order will result in a recommendation that this action be dismissed, and shall be considered***
7 | ***plaintiff's consent to such recommendation.***

8 |     5.    To the extent plaintiff intended his pleading to suffice as a request for a
9 | Temporary Restraining Order and Preliminary Injunction (Compl. at 44), the request is
10 | procedurally improper, as plaintiff has not filed any of the additional documents required to
11 | support such a request, and the request is therefore denied without prejudice to refiling.

12 |     IT IS SO ORDERED.
13 | DATED: December 27, 2012

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE