IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASHIT ZINZUWADIA,

        Plaintiff,                No. 2:12-cv-02281-KJM-KJN-PS

     vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
et al.,

        Defendants.             ORDER

_____/

        Plaintiff Ashit Zinzuwadia ("plaintiff"), who is proceeding without counsel and in forma pauperis, filed his original complaint on September 6, 2012.[1]  (Dkt. No. 1).  In an order issued on December 28, 2012, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it with leave to amend.  (Order, Dkt. No. 6.)

        Plaintiff filed his First Amended Complaint on February 22, 2013.  (First Am. Compl., Dkt. No. 7.)  For the reasons described below, the undersigned dismisses the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

---

[1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.     Screening Plaintiff's Complaint

      A.     General Screening Standards

            The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

            In assessing whether a complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
>    **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>    **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

1    Additionally, a complaint should be dismissed for failure to state a claim if, taking

2    all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

3    relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

4    Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "'A claim has facial

5    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6    inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

7    Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678).  The court

8    accepts all of the facts alleged in the complaint as true and construes them in the light most

9    favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

10   "not, however, required to accept as true conclusory allegations that are contradicted by

11   documents referred to in the complaint, and [the court does] not necessarily assume the truth of

12   legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

13   F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

14   liberally to determine if it states a claim and, prior to dismissal, must tell a plaintiff of

15   deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all

16   possible that the plaintiff can do so.  See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v.

17   Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se

18   filings liberally even when evaluating them under the standard announced in Iqbal).

19   A federal court has an independent duty to assess whether subject matter

20   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

21   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a

22   duty to establish subject matter jurisdiction over the removed action sua sponte, whether the

23   parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.

24   1996).  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a

25   constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack

26   jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v. Phillips,

1   323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).  The court must sua

2   sponte dismiss a case for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the

3   court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

4   action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir.

5   2003).

6         B.     Plaintiff's First Amended Complaint

7             The First Amended Complaint includes claims for: (1) Wrongful Foreclosure; (2)

8   Violation of California Civil Code § 2923.5; (3) Violation of the Real Estate Settlement

9   Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (4) Violation of the Racketeer Influenced

10  and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq.; (5) "Pattern of Racketeering

11  Activity;" (6) Fraud; (7) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15

12  U.S.C. §§ 1692 et seq.; and (8) Quiet Title.  (First Am. Compl. at 1.)

13            The allegations in plaintiff's First Amended Complaint are somewhat clearer than

14  those in his original pleading, if only because each claim now targets specific defendants rather

15  than all defendants collectively.  Plaintiff now alleges that defendants OneWest Bank FSB

16  ("OneWest"), NDEX West LLC ("NDEX"), Mortgage Electronic Registration Systems, Inc.

17  ("MERS") and Deutsche Bank National Trust Company ("DBNTC") are liable for wrongful

18  foreclosure; that NDEX and OneWest are liable for violation of California Civil Code § 2923.5;

19  that American Mortgage Network, Inc. ("American"), OneWest, MERS, and DBNTC are liable

20  for RESPA violations; that OneWest and NDEX are liable for Civil RICO violations and for

21  "Pattern of Racketeering Activity;" that OneWest, NDEX, and MERS are liable for fraud; and

22  that OneWest and NDEX are liable for violations of the FDCPA.  (See generally First Am.

23  Compl. at 1-51.)  Plaintiff also seeks to quiet title as against OneWest, NDEX, DBNTC and

24  MERS.  (Id.)

25            In terms of factual allegations, however, plaintiff's amended pleading is still rife

26  with conclusory and argumentative statements that do not shed much light on the factual bases of

1    plaintiff's case.  Putting aside the numerous conclusory and tangential statements within the First

2    Amended Complaint, the factual allegations are generally as stated below.

3            Plaintiff allegedly purchased a parcel of real property located at 1198 Michael

4    Drive in Tracy, California (the "Subject Property") and recorded the deed in the San Joaquin

5    County Recorder's Office on January 4, 2001.  (First Am. Compl. ¶ 1.)  Plaintiff allegedly

6    refinanced his mortgage on December 15, 2006, with American Mortgage Network, Inc., as the

7    lender.  (Id.)  Plaintiff allegedly "holds title as the Trustor, by Deed of Trust executed on

8    December 15, 2006 and recorded on December 22, 2006."  (Id.)

9            Plaintiff alleges that at all relevant times MERS was "acting solely as the nominee

10   for the Lender and the Lender's successors and assigns," and that "service of the purported note

11   was, without his knowledge, by some means transferred from or by American Mortgage Network

12   either completely or by association or some other means to MERS" such that MERS was a

13   "servicer" of plaintiff's loan.  (Id. ¶ 2.)  Plaintiff also alleges that "MERS is the beneficiary listed

14   on the Notice of Default."  (Id.)  Plaintiff alleges that MERS is "solely a registration service for

15   tracking" deeds, notes, and mortgages, and thus that MERS falsely represented itself to be the

16   "beneficiary" of the Deed of Trust and thereafter "unlawfully nominated a successive trustee."

17   (Id. ¶ 22.)

18           Plaintiff alleges that OneWest is the "purported servicer of Plaintiff's loan."  (Id. ¶

19   4.)  Plaintiff alleges that "IndyMac Mortgage Services" is a subsidiary of OneWest.[2]  (Id.)

20   Plaintiff alleges that American assigned its interest to IndyMac Bank FSB "within two months of

21   the original funding of the loan in December 2006" and that this assignment was "never

22   recorded" and thus "did not convey the power of sale."  (Id. ¶ 28.)

23   ////

24

25          [2] Plaintiff does not clearly designate IndyMac Mortgage Services or IndyMac Bank FSB
     as defendants in this case.  If plaintiff intends to name either or both as defendants, he should
26   clarify as much in his amended pleading.

1    Plaintiff alleges that DBNTC was the "trustee for the IndyMac Trusts" and is the

2  "Trustee of the Residential Asset Securitization Trust A3 of which plaintiff['s] property is

3  allegedly located," or, "more specifically," that DBNTC is the trustee of the trust "in which

4  Plaintiff's Note is located."  (Id. ¶ 5.)

5    Plaintiff alleges that NDEX is OneWest's agent and that NDEX filed a Notice of

6  Default on October 27, 2009.  (Id. ¶ 6.)  Plaintiff also alleges that NDEX is "handling the Notice

7  of Trustee's Sale for the Property."  (Id.)

8    Plaintiff alleges that NDEX, DBNTC, OneWest, MERS, American, and Does 1-

9  100 have attempted to sell the Subject Property "at a trustee's sale and deprive Plaintiff [of] his

10 residence without any lawful claim to the Property."  (Id. ¶ 5.)  Plaintiff alleges that he is "named

11 as Trustor" on the Deed of Trust "acknowledged by the notary on December 15, 2006."  (Id. ¶

12 11.)  American is allegedly named as the "Lender" on the Deed of Trust and MERS is allegedly

13 named as the "beneficiary."  (Id.)  Plaintiff alleges, however, that he "has not received notice

14 that" American's or MERS's interest(s) have been "transferred to" OneWest or to DBTNC.  (Id.)

15   Plaintiff alleges that American securitized plaintiff's mortgage through DBNTC,

16 among others, but that DBNTC's Trust "was terminated on October 31, 2010, and the lawful

17 beneficiary has been paid in full."  (Id. ¶ 12.)

18   Plaintiff alleges that on October 27, 2009, NDEX "recorded a Notice of Default"

19 with instructions that plaintiff should contact OneWest to stop the foreclosure.  (Id. ¶ 13.)

20 Plaintiff alleges that while "Emilee Pearce" of IndyMac Federal Bank signed a document

21 attached to the Notice of Default, "[n]owhere else has OneWest['s] role been described in the

22 papers on which OneWest Bank claims the right to sell the property."  (Id.)  Plaintiff also alleges

23 that on October 1, 2012, NDEX "recorded a Notice of Trustee's Sale" stating that the property

24 would be sold at public auction.  (Id.)

25   Plaintiff alleges that American "transferred all beneficial interest in the loan

26 through" DBTNC.  (Id. ¶ 16.)  Plaintiff appears to allege that thereafter, American purported to

6

1  "transfer" its interest in "Plaintiff's Deed" to IndyMac Federal Bank, but that American had

2  nothing to transfer at that time.  (Id.)

3          Plaintiff alleges that on December 31, 2008, MERS used a "robo-signer" named

4  "Erica Johnson-Seck" to assign to IndyMac Federal Bank "all beneficial interest in Plaintiff's

5  Deed of Trust" and the notes secured thereby, as well as "money due or to become due" under

6  the Deed of Trust.  (Id.)  Plaintiff alleges that on November 30, 2009, that same "robo-signer"

7  Johnson-Seck assigned a Deed of Trust to DBNTC, but with a different signature.  (Id.)  Plaintiff

8  alleges that the "assignment was false" given the involvement of the "robo-signer" and given that

9  "in 2009, IndyMac Federal Bank had no interest in the Note at that time as it had sold off all its

10 interests before that date."  (Id.)

11          Plaintiff alleges that neither American, NDEX, IndyMac Bank FSB, nor IndyMac

12 Federal Bank have "recorded a transfer of beneficial interest in the Note or any other property to

13 OneWest Bank."  (Id.)  Plaintiff alleges that if OneWest "is a beneficiary," then NDEX "has

14 breached its fiduciary duty to Plaintiff under the [Deed of Trust] by not recording the alleged

15 transfer of the beneficial interest and/or servicing duty" from American to OneWest, by "not

16 indicating on the Notice of Default that OneWest" is "the alleged beneficiary," and by "not

17 recording a substitution of trustee indicating that since 2009, it was a trustee for OneWest" rather

18 than American.  (Id.)

19          Plaintiff alleges that OneWest "does not have standing to enforce the Note"

20 because OneWest "is not the owner of the Note," not the "holder of the Note," and is not a

21 "beneficiary under the Note."  (Id. ¶ 17.)  Plaintiff thus alleges that OneWest cannot foreclose

22 upon plaintiff's property.  (Id.)  Plaintiff also broadly alleges that defendants "lack standing to be

23 the real parties in interest to foreclose on Plaintiff's property."  (Id. ¶ 32.)

24      C.   Failure To State A Federal Claim

25          Federal district courts are courts of limited jurisdiction that "may not grant relief

26 absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed

1  to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>A-Z Int'l</u>, 323

2  F.3d at 1145 (citations and quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the

3  court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

4  action.").

5        Plaintiff alleges that this court's subject matter jurisdiction is premised upon the

6  existence of claims under federal statutes, namely, RESPA, FDCPA, and RICO.  (First Am.

7  Compl. ¶ 8.)  However, as described below, plaintiff has not adequately alleged claims under

8  these federal statutes.

9      1.   <u>RESPA</u>

10       In his original complaint, plaintiff previously alleged that various defendants

11  failed to respond to plaintiff's Qualified Written Request ("QWR") in violation of a provision of

12  the RESPA, namely, 12 U.S.C. § 2605.  (<u>See</u> Compl., Dkt. No. 1 ¶¶ 49-53.)  Plaintiff has since

13  dropped those allegations from his amended pleading, and now alleges that American "forced"

14  plaintiff to "use a particular title company" against his wishes, which led to "higher closing

15  costs" and "higher title insurance fees."  (First Am. Compl. ¶ 38.)  Plaintiff alleges that he

16  "believes" his title insurance charges "would have been 30% less had he been allowed to use his

17  own preference of title company for his mortgage."  (<u>Id.</u>)

18       Plaintiff also alleges that OneWest, MERS, and DBNTC violated RESPA when

19  they allegedly "collected payments but failed to properly credit or post the payments to the

20  Plaintiff's mortgage account in violation of the terms of the note and the mortgage."  (<u>Id.</u> ¶ 39.)

21  Plaintiff seeks an accounting of all monies paid and collected by OneWest, MERS, or the

22  "assignor/servicer under the mortgage and note."  (<u>Id.</u>)

23       Plaintiff's amended pleading does not adequately allege a RESPA claim.  The

24  allegations supporting the RESPA claim as against American reveal that the claim is time-barred.

25  Plaintiff alleges that American forced him to use the services of a particular title company at the

26  time he refinanced his mortgage loan in 2006.  (First Am. Compl. ¶¶ 1, 38.)  While plaintiff does

8

1  not cite to a particular section of the statute, the substance of the allegation indicates that

2  plaintiff's claim is pursuant to § 2608 of the RESPA.  See 12 U.S.C. § 2608(a) ("No seller of

3  property . . . shall require directly or indirectly . . . that title insurance covering the property be

4  purchased by the buyer from any particular title company.")  However, claims under § 2608 must

5  be filed within one year of the date of the alleged violation.  12 U.S.C. § 2614 ("Any action

6  pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the

7  United States district court . . . within 3 years in the case of a violation of section 2605 of this

8  title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the

9  occurrence of the violation . . . .").  Based on plaintiff's allegations, American allegedly forced

10  plaintiff to use a certain title company in 2006 (First Am. Compl. ¶¶ 1, 38), but plaintiff did not

11  file his action until 2012, which is several years after the one-year limitation period stated in 12

12  U.S.C. § 2614.  Accordingly, plaintiff's own allegations reveal that his RESPA claim against

13  American is time-barred.  The pleading does not suggest any grounds for estoppel or any other

14  basis by which the claim might not be time-barred, and thus the claim is dismissed.  Such

15  dismissal is without prejudice.  If plaintiff can allege a basis for delaying the commencement of

16  the one-year limitations period stated in 12 U.S.C. § 2614 and do in good faith and in accordance

17  with Federal Rule of Civil Procedure 11(b), plaintiff may amend his pleading to include such

18  allegations.

19          The allegations supporting RESPA claims against OneWest, MERS, and DBNTC

20  are insufficient for a different reason.  While plaintiff alleges that these defendants failed to

21  "properly credit or post" payments that plaintiff made on his mortgage (First Am. Compl. ¶ 39),

22  plaintiff does not allege which payments he believes were not properly credited.  He does not

23  allege the dates or amounts of allegedly uncredited payments, he does not allege the total amount

24  he has paid as compared to the total amount allegedly shown owing on foreclosure-related

25  documents, and he does not allege any other non-conclusory facts that could support this claim.

26  The vast majority of plaintiff's lengthy pleading is devoted to allegations regarding alleged

failures to record various documents, failures to provide notice to plaintiff regarding alleged

transfers of interests between defendants, and plaintiff's theory that the foreclosing defendants do

not have the right to foreclose.  Plaintiff does not allege a single *fact* plausibly suggesting that he

made certain mortgage payments that were not ultimately credited to him.  The sweeping

allegation that three defendants "did not properly credit" "payments" from plaintiff is too

conclusory to serve as the sole support for plaintiff's RESPA claim.  See Coto Settlement, 593

F.3d at 1034 (plaintiff must allege "enough facts" to state a claim that is "plausible on its face.")

(quoting Iqbal, 556 U.S. at 678).  Accordingly, the RESPA claim is dismissed without prejudice,

and plaintiff shall have leave to amend it in order to remedy the defects described herein.  If

plaintiff can make such factual allegations in good faith and in accordance with Federal Rule of

Civil Procedure 11(b), plaintiff may amend his pleading to include such allegations.

            In filing an amended pleading in compliance with this order, plaintiff is informed

that he is obligated to comply with court orders and the rules of litigation procedure,

notwithstanding his status as a pro se litigant.  Eastern District Local Rule 110 provides that

"[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides,

in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

same rules of procedure that govern other litigants.").  Case law is in accord that a district court

may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

(recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells

Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that

a court may dismiss an action sua sponte and pursuant to Federal Rule of Civil Procedure 41(b)

for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's

orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of

Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any

order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of

L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent

power to control their dockets and may impose sanctions including dismissal), cert. denied, 479

U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline

stated herein will result in a recommendation that this action be dismissed.

        2.    FDCPA

        Plaintiff alleges that OneWest and NDEX used "false, deceptive and/or

misleading representations with regard to the character, amount, and/or legal status of an alleged

debt owed by Plaintiff to OneWest."  (First Am. Compl. ¶ 49(a).)  Plaintiff alleges that these

defendants used "unfair and unconscionable means to collect and attempt to collect a debt by

fraudulently claiming to be the holder in due course and thus the real party in interest in

Plaintiff's Note and Deed of Trust."  (Id. ¶ 49(b).)  Plaintiff also alleges that these defendants

failed "to provide notice with regard to the true name of the creditor to whom the debt is owed."

(Id. ¶ 49(c).)  Aside from these sweeping allegations, however, plaintiff does not allege any non-

conclusory facts describing the alleged so-called "unfair and unconscionable means," false

statements, and/or misleading representations that he ascribes to defendants.

        "The [FDCPA] prohibits debt collectors from making false or misleading

representations and from engaging in various abusive and unfair practices."  Heintz v. Jenkins,

514 U.S. 291, 292 (1995).  Where a pleading lacks allegations of harassment or abuse to violate

15 U.S.C. § 1692d, false or misleading representations to violate 15 U.S.C. §1692e, or unfair

practices to violate 15 U.S.C. § 1692f, however, it fails to state a FDCPA claim.  Kayan v. Asset

Acceptance, LLC, No. CV12–03610– JGB–FMOx, 2013 WL 1010554, at *6-7 (C.D. Cal. March

14, 2013) (unpublished) (granting summary judgment for one of several defendants where

plaintiff conclusorily alleged violations of various sections of the FDCPA, but did not actually

"allege any facts in the Complaint to support these allegations" as to that defendant, and where

there was "nothing in the Complaint that points to Defendants' use of any false or misleading

representation or using unfair or unconscionable means to collect a debt from Plaintiff."); see

also Hernandez v. Cal. Reconveyance Co., No. CV F 09–0251 LJO DLB, 2009 WL 464462, at

*4-5 (E.D. Cal. Feb. 23, 2009) (unpublished) (granting defendants' motion to dismiss FDCPA

claims because complaint lacked allegations of harassment, abuse, misrepresentations, or unfair

practices in connection with collecting a debt).

        Also, to be held liable for violation of the FDCPA, a defendant must fit within

that statute's definition of "debt collector."  Under the statute's "definitions" section, a "debt

collector" is: (1) "a person" who uses any instrumentality of interstate commerce or the mails in

any business the "principal purpose" of which is the collection of any debts (whether on behalf of

himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether

or not it is the principal purpose of his business).  15 U.S.C. § 1692a(6).  Foreclosure typically

does not constitute "debt collection" under the FDCPA.  E.g., Robertson v. Citibank, N.A., No. C

12–02996 JSW, 2013 WL 752491, at *4-5 (N.D. Cal. Feb. 27, 2013) (unpublished) (citing

cases).  A mortgage servicing company typically is not a "debt collector" within the meaning of

the FDCPA.  E.g., Walker v. Equity 1 Lenders Group, No. 09cv325, 2009 WL 1364430, at *7

(S.D. Cal. May 14, 2009) (citing cases).

        In short, plaintiff has not clearly alleged any facts describing the sort of

harassment or abuse typically required to state a FDCPA claim, nor has he alleged that OneWest

or NDEX are "debt collectors."  If plaintiff wishes to include a FDCPA claim in his amended

1  pleading, plaintiff shall include *factual allegations* describing OneWest's alleged attempts to

2  collect payments from him, separately describing NDEX's alleged attempts to collect payments

3  from him, and describing alleged conduct/statements by each of these defendants.  Accordingly,

4  plaintiff's FDCPA claim is dismissed without prejudice.  Plaintiff shall have leave to amend his

5  claim to address the deficiencies described herein, to the extent he can do so in good faith and in

6  accordance with Federal Rule of Civil Procedure 11(b).

7          3.    RICO

8                  To state a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an

9  enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

10  causing injury to plaintiff's business or property.  Sanford v. Memberworks, Inc., 625 F.3d 550,

11  557 (9th Cir. 2010); 18 U.S.C. § 1962.  "Racketeering activity" is any act indictable under the

12  provisions of 18 U.S.C. § 1961, and includes the predicate acts of mail fraud, wire fraud, and

13  obstruction of justice.  Sanford, 625 F.3d at 557-58.  A "pattern of racketeering activity" means

14  at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among

15  many others, mail fraud, wire fraud, and financial institution fraud).  Those so-called "predicate

16  acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in

17  compliance with Rule 9(b).  Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393,

18  1400 (9th Cir. 1986); Pineda v. Saxon Mortgage Servs., No. SACV 08-1187 JVS (ANx), 2008

19  WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) (unpublished) ("It is not enough for [plaintiff] to

20  rely on mere labels and conclusions" to establish a RICO claim; plaintiff must give each

21  defendant notice of the particular predicate act it allegedly participated in and must allege each

22  predicate act with specificity).

23                  Plaintiff alleges that OneWest and NDEX formed an "enterprise" or "association-

24  in-fact" "for the purpose of defrauding individuals such as Plaintiff by foreclosing on property

25  such as the property in question in this complaint in which OneWest Bank has servicing rights,

26  but is not the holder in due course, and [thus] does not have the capacity or standing to enforce

1   the rights and/or claims incumbent to such notes and deeds of trust."  (First Am. Compl. ¶ 41.)

2   Plaintiff alleges that defendants engaged in the "collection of illegal debts" in violation of "one

3   or more of" various federal criminal statutes proscribing "financial institution fraud," "robbery or

4   extortion," money laundering, and the like.  (Id. ¶ 43.)

5         These allegations and those in Paragraphs 41 through 44 of the pleading are

6   conclusory and do not adequately support the RICO claim, which must be supported by *factual*

7   allegations and alleged with particularity as described above.  Plaintiff's bare citations to criminal

8   statutes do not satisfy the requirement of alleging predicate acts with specificity.  Accordingly,

9   plaintiff's RICO claim is dismissed without prejudice.  Plaintiff will have leave to amend the

10  claim to correct for the deficiencies described herein, to the extent he can do so in good faith and

11  in accordance with Federal Rule of Civil Procedure 11.

12        4.    State Law Claims

13        The First Amended Complaint alleges various state law claims in addition to the

14  federal claims described above.  However, if plaintiff is unable to state a valid cause of action

15  arising under federal law, see 28 U.S.C. § 1331, the court would typically lack subject matter

16  jurisdiction over plaintiff's remaining state law claims.  28 U.S.C. § 1367(c)(3).  Therefore, at

17  present the undersigned declines to address such claims.

18  III.   CONCLUSION

19        For the reasons stated above, IT IS HEREBY ORDERED that:

20        1.    The First Amended Complaint (Dkt. No. 7) is dismissed pursuant to 28

21  U.S.C. § 1915(e) for lack of allegations sufficient to support a claim under a federal statute,

22  namely, RESPA, FDCPA, and RICO.  However, this dismissal is without prejudice, and plaintiff

23  is granted leave to file a Second Amended Complaint that corrects the deficiencies described

24  herein.

25        2.    If he can do so in good faith, plaintiff shall file a Second Amended

26  Complaint within 45 days of the date of this order.  As this will amount to plaintiff's third

attempt to adequately allege his claims, plaintiff should take extra care in correcting the deficiencies described above and in crafting his Second Amended Complaint.  Absent extraordinary circumstances, the undersigned will likely not be inclined to provide plaintiff with a fourth opportunity to amend his pleading to surpass the screening phase required by 28 U.S.C. § 1915(e).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3.  ***Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed for the reasons stated herein, and shall be considered plaintiff's consent to such recommendation.***

IT IS SO ORDERED.

DATED:  April 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE