UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ASHIT ZINZUWADIA,<br><br>  Plaintiff,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>  Defendants. | No. 2:12-cv-02281-KJM-KJN PS<br><br>ORDER TO SHOW CAUSE |
|---|---|

   Plaintiff Ashit Zinzuwadia ("plaintiff"), who is proceeding without counsel and in forma pauperis, filed his complaint on September 6, 2012.[1]  (ECF No. 1.)  The undersigned previously dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), but gave plaintiff leave to file a First Amended Complaint.  (ECF No. 6.)

   Plaintiff filed his First Amended Complaint on February 11, 2013.  (First Am. Compl., ECF No. 7.)  On April 12, 2013, the undersigned dismissed the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and gave plaintiff leave to file a Second Amended Complaint within 45 days.  (ECF No. 11.)  The order warned, "*Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed for the reasons stated herein, and shall be considered plaintiff's consent to*

---

[1]   This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  *such recommendation*." (Id. at 15 (emphasis in original).)  The order also warned plaintiff that he
2  was obligated to comply with court orders and rules of litigation procedure notwithstanding his
3  status as a pro se litigant.  (Id. at 10-11 (citing cases).)

4        It has been more than 45 days since the deadline for plaintiff to file a Second Amended
5  Complaint pursuant to the undersigned's order of April 12, 2013.  (ECF No. 11.)  Plaintiff has not
6  filed a Second Amended Complaint.

7        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
8  with these Rules or with any order of the Court may be grounds for imposition by the Court of
9  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
10 Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

15 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
16 same rules of procedure that govern other litigants.").  Case law is in accord that a district court
17 may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice
18 pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her
19 case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44
20 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute");
21 Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)
22 (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua*
23 *sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the
24 court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
25 Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
26 any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City
27 of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent
28 power to control their dockets and may impose sanctions including dismissal), cert. denied, 479

U.S. 829 (1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than July 26, 2013, why this case should not be dismissed for plaintiff's failure to prosecute the action and failure to follow the court's order of April 12, 2013 (ECF No. 11).

2. On or before July 26, 2013, plaintiff shall file a Second Amended Complaint that addresses the issues raised in the court's screening order entered on April 12, 2013 (ECF No. 11).

3. *Plaintiff's failure to file the required writing and Second Amended Complaint shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

IT IS SO ORDERED.

Dated: July 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE